**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BEVIL CAMPBELL, | : | |
| | : | Civil Action No. 05-4326 (JBS) |
|        Petitioner, | : | |
| | : | |
|        v. | : | **OPINION** |
| | : | |
| | : | |
| BUREAU OF PRISONS, | : | |
| | : | |
|        Respondent. | : | |

**APPEARANCES:**

Bevil Campbell, <u>Pro Se</u>  
#22648-038  
F.C.I. Fort Dix  
Unit 5741  
P.O. Box 2000  
Fort Dix, NJ 08640  

John Andrew Ruymann  
Assistant U.S. Attorney  
Office of the U.S. Attorney  
402 East State Street  
Room 430  
Trenton, NJ 08608  
    Counsel for Respondent

**SIMANDLE**, District Judge:

    Petitioner Bevil Campbell, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for writ of habeas corpus, pursuant to 28

U.S.C. § 2241,[1] challenging the results of a prison disciplinary proceeding.  The sole respondent is the Bureau of Prisons.[2]

For the reasons set forth below, the Petition will be denied.

## BACKGROUND

Petitioner was convicted in the United States District Court for the District of Massachusetts of federal drug charges.  He was sentenced to a term of imprisonment of 121 months.  He currently is confined at the Federal Correctional Institution at Fort Dix, New Jersey, pursuant to that sentence.

On November 29, 2004, an "area search" was conducted and a weapon was found in Petitioner's secured locker.  The weapon is described in the record as a "large homemade icepick device," approximately 7 or 8 inches in length.  Petitioner was charged in an incident report with possession, manufacture, or introduction

---

[1] United States Code Title 28, Section 2241, provides in pertinent part:
> (a) Writs of habeas corpus may be granted by the ... district courts ... within their respective jurisdictions ...
> (c) The writ of habeas corpus shall not extend to a prisoner unless- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

[2] The Court notes that the proper respondent in a habeas action is the warden of the facility in which Petitioner is confined.  See Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994).  As the instant petition is subject to denial on the merits, the Court will not require Petitioner to amend the petition to name the warden as a respondent at this juncture.

of a weapon, in violation of Code 104 of the inmate disciplinary regulations.  Petitioner received the Incident Report the same day as the weapon was discovered.

The Incident Report was investigated, and Petitioner told the investigating officer that he had been involved with the "Material Handler Foreman," Mr. Silver, and accused Silver of taking money from him.  Basically, Petitioner's defense to the weapons charge at issue was that the weapon was planted in his locker in retaliation for Petitioner filing a grievance that Silver stole money from him.  Soon after Petitioner complained about Silver to Silver's supervisor, Silver and two other officers conducted the search that revealed the weapon in Petitioner's locker.

The investigating officer found that the Incident Report was valid and forwarded it to the Unit Disciplinary Committee ("UDC") for further review.  Because of the seriousness of the offense, the UDC forwarded the Incident Report to the Disciplinary Hearing Officer ("DHO").

On December 7, 2004, a hearing was held before the DHO. Petitioner requested three witnesses.  Petitioner told the DHO that the witnesses were going to testify that he had problems with Silver taking his money.  Petitioner stated that none of the witnesses had observed the incident at issue involving the weapon.  Petitioner also stated at the DHO hearing that he did

3

not have a weapon, didn't know anything about a weapon, and that the item found was not his.

Based on the Incident Report, the investigation of the Incident Report, the Petitioner's statement and a picture of the weapon found, the DHO found Petitioner guilty of the offense. The DHO determined that, based upon the greater weight of the evidence before him, including finding the staff member who wrote the Incident Report credible, and the fact that Petitioner had a duty to keep his area contraband-free, and finding that Petitioner's denial of the charge was an effort to exonerate himself, the DHO determined that Petitioner committed the offense and sanctioned him to disciplinary segregation, loss of good time credits, and a recommendation for disciplinary transfer. Petitioner received a copy of the DHO's report two days later on December 9, 2004.

Petitioner's appeals to the Regional Director of the Bureau of Prisons ("BOP") and Central Office of the BOP were unsuccessful.

Petitioner filed the instant Petition for a Writ of Habeas Corpus on September 6, 2005. Respondent's Answer was filed on April 27, 2006. Petitioner argues in the instant Petition that his First Amendment and Fifth Amendment due process rights were violated. He states that Silver retaliated against him for filing a grievance. He further argues that his due process

rights were denied when the DHO refused to hear his witnesses thereby denying him the opportunity to argue retaliation, that the DHO had a hidden motive to find him guilty, that he did not have enough time to review the Incident Report, and that his retaliation claim was reviewed under the "clear and convincing evidence" standard whereby the DHO's finding was reviewed under the "some evidence" standard.

### DISCUSSION

**A.   Jurisdiction**

A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997).  See also Wilkinson v. Dotson, 125 S. Ct. 1242 (2005).  As Petitioner challenges a disciplinary proceeding that resulted in the loss of good time credits, this Court properly may exercise jurisdiction over that claim.

**B.   Standard of Review**

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and must set forth "facts supporting each of the grounds thus specified."  See

5

Rule 2(c) of the Rules Governing § 2254 Cases in the U.S. District Courts (amended Dec. 1, 2004) ("Habeas Rules"), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules.

Nevertheless, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**C.  Petitioner's Claims**

Convicted and sentenced prisoners retain the protections of the Due Process Clause of the Fifth and Fourteenth Amendments that the government may not deprive them of life, liberty, or property without due process of law. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974); Haines v. Kerner, 404 U.S. 519 (1972); Wilwording v. Swenson, 404 U.S. 249 (1971). Such protections are, however, "subject to restrictions imposed by the nature of the regime to which [prisoners] have been lawfully committed. ... In sum, there must be mutual accommodation between institutional needs and objectives and the provisions of the

6

Constitution that are of general application." Wolff, 418 U.S. at 556.

A liberty interest protected by the Due Process Clause may arise from either of two sources: the Due Process Clause itself or from state or federal law. See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Asquith v. Department of Corrections, 186 F.3d 407, 409 (3d Cir. 1999).

Where the government has created a right to good time credits, and has recognized that a prisoner's misconduct authorizes deprivation of the right to good time credits as a sanction,[3] "the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment 'liberty' to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated." Wolff, 418 U.S. at 557.

Thus, a prisoner is entitled to an impartial disciplinary tribunal, Wolff, 418 U.S. at 570-71, excluding "only those [prison] officials who have a direct personal or otherwise substantial involvement ... in the circumstances underlying the

---

[3] The Constitution itself does not guarantee good time credits for satisfactory behavior in prison. Congress, however, has provided that federal prisoners serving a term of imprisonment for more than one year, other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of their sentence based upon their conduct. See 18 U.S.C. § 3624(b); 28 C.F.R. § 523.20.

charge from sitting on the disciplinary body," Meyers v. Alldredge, 492 F.2d 296, 306 (3d Cir. 1974).

To comply with the requirements of the Due Process Clause, prison officials also must provide a prisoner facing loss of good time credits with: (1) a written notice of the charges at least 24 hours prior to any hearing, (2) an opportunity to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals, and (3) a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action. See Wolff, 418 U.S. at 564-66. Prisoners do not have a due process right of confrontation and cross-examination, or a right to counsel, in prison disciplinary proceedings. See id. at 569-70. Where an illiterate inmate is involved, or the complexity of the issue makes it unlikely that the inmate involved will be able to collect and present the evidence necessary for an adequate comprehension of the case, the prisoner should be permitted to seek the aid of a fellow inmate or appropriate staff member. See id. at 570.[4]

---

[4] The due process requirements of Wolff, as they relate to federal prisoners, have been codified in the Code of Federal Regulations at 28 C.F.R. § 541.10 et seq.  See, e.g., 28 C.F.R. § 541.14 (Incident report and investigation); 28 C.F.R. § 541.16 (Establishment and functioning of the Discipline Hearing Officer); 28 C.F.R. § 541.17 (Procedures before the Discipline Hearing Officer).

Finally, due process requires that findings of a prison disciplinary official that result in the loss of good time credits must be supported by "some evidence" in the record. Superintendent, Massachusetts Correctional Institution at Wolpole v. Hill, 472 U.S. 445, 454-56 (1985); Young v. Kann, 926 F.2d 1396, 1402-03 (3d Cir. 1991).  The Supreme Court has stated:

> Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances.  The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact.  Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies in this context.

Hill, 472 U.S. at 456 (internal citations omitted).

Here, Petitioner received advance notice of the charges, was offered a staff representative, and was permitted to make a statement in his defense.  Petitioner argues that his rights were violated when he was not permitted to have his requested witnesses testify on his behalf.

Title 28 of the Code of Federal Regulations, section 541.17(c) states, in relevant part:

> The inmate is entitled to make a statement and to present documentary evidence in the inmate's own behalf.  An inmate has the right to submit names of requested witnesses and have them called to testify and to present documents in the inmate's behalf, provided the calling of witnesses or the disclosure of documentary evidence does not jeopardize or threaten

>      institutional or an individual's security.  The DHO
>      shall call those witnesses who have information
>      directly relevant to the charge(s) and who are
>      reasonably available. ...  The DHO need not call
>      repetitive witnesses.  The reporting officer and other
>      adverse witnesses need not be called if their knowledge
>      of the incident is adequately summarized in the
>      Incident Report and other investigative materials
>      supplied to the DHO. ... The DHO shall document reasons
>      for declining to call requested witnesses in the DHO
>      report, or, if the reasons are confidential, in a
>      separate report, not available to the inmate. ...

28 C.F.R. § 541.17(c).

In this case, it was determined by the DHO that Petitioner's requested witnesses did not have "information directly relevant to the charges" as noted in the DHO report.  As admitted by Petitioner, these witnesses did not have information regarding the weapon incident, but rather would testify as to Petitioner's prior problems with Silver.  This Court finds that the DHO's decision to deny the Petitioner's requested witnesses was not arbitrary, capricious, or an abuse of discretion.  Even if the witnesses had testified that Petitioner had issues with Silver, that would not exonerate Petitioner from the charges regarding the weapon.  There was clearly at least "some evidence" that Petitioner committed the offense, as the weapon was found in his secure locker.

Therefore, the Court finds Petitioner's claims to be without merit.  Petitioner was afforded his due process rights, as he was given written notice of the charges against him, an opportunity to respond to those charges, and a hearing.  While Petitioner

10

disagrees with the findings of the DHO, the Court finds no constitutional violation in either the disciplinary process or the sanctions imposed.[5]

## **CONCLUSION**

For the reasons set forth above, the Petition will be denied. An appropriate Order follows.

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
United States District Judge

Dated: **May 31, 2006**

---

[5] Permissible sanctions are outlined in 28 C.F.R. § 571.13. Here, the sanctions were within the limits prescribed in this regulation.