**NOT FOR PUBLICATION**

```
                 THE UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| BEVIL CAMPBELL, | HON. JEROME B. SIMANDLE |
| Petitioner, | Civil Action |
| v. | No. 05-4326 (JBS) |
| BUREAU OF PRISONS, | **OPINION** |
| Respondent. | |

APPEARANCES:

Bevil Campbell
#22648-038
Federal Correctional Institution
Unit 5741
P.O. Box 2000
Fort Dix, NJ 08640
    Plaintiff pro se

Christopher J. Christie
United States Attorney
    By:  John Andrew Ruymann
         Assistant United States Attorney
OFFICE OF THE U.S. ATTORNEY
402 East State Street, Suite 430
Trenton, New Jersey 08608
    Attorney for the United States Bureau of Prisons

**SIMANDLE**, District Judge:

    This matter comes before the Court upon the motion for discovery of Petitioner Bevil Campbell ("Petitioner"), appearing pro se, in connection with his petition under 28 U.S.C. § 2241. Petitioner is a prisoner, currently confined at the Federal Correctional Institution at Fort Dix, New Jersey.  He has

submitted a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241 challenging the results of a prison disciplinary proceeding.  For the reasons expressed below, Petitioner's motion for discovery will be denied.

I.  **BACKGROUND**

   A.  **Underlying Facts**

Petitioner was convicted in the United States District Court for the District of Massachusetts of federal drug charges and sentenced to a term of imprisonment of 121 months.  On November 29, 2004, prison officials conducted an "area search" and found a weapon in Petitioner's secured locker. Petitioner was charged in an incident report with possession, manufacture, or introduction of a weapon, in violation of the inmate disciplinary regulations.

On December 7, 2004, a hearing was held before the Disciplinary Hearing Officer ("DHO") at Fort Dix.  Petitioner's defense to the weapons charge at issue was essentially that the weapon was planted in his locker in retaliation for Petitioner filing a grievance that an Officer Silver stole money from him. Petitioner requested that the testimony of three witnesses be taken and stated that these witnesses were going to testify that he had problems with Silver taking his money. Petitioner stated, however, that none of the witnesses had observed the incident at issue involving the weapon.  Petitioner also stated at the DHO hearing that the item found was not his. Based on an Incident

Report, the investigation surrounding the production of the Incident Report, the Petitioner's statement and a picture of the weapon found, the DHO found Petitioner guilty of the offense.

**B.   Procedural History**

Petitioner filed the instant Petition for a Writ of Habeas Corpus on September 6, 2005 arguing that his First Amendment and Fifth Amendment due process rights were violated when Silver retaliated against him for filing a grievance.  He further argues that his due process rights were denied when the DHO refused to hear his witnesses thereby denying him the opportunity to argue retaliation, that the DHO had a hidden motive to find him guilty, that he did not have enough time to review the Incident Report, and that his retaliation claim was reviewed under the "clear and convincing evidence" standard whereby the DHO's finding was reviewed under the "some evidence" standard.

In a May 31, 2006 Opinion and Order, this Court denied Petitioner's writ finding Petitioner's claims to be without merit. [Docket Item Nos. 6, 7.]  Specifically, the Court found that the DHO's decision to deny the Petitioner's requested witnesses was not arbitrary, capricious, or an abuse of discretion.  The Court also found that, even if the witnesses had testified that Petitioner had issues with Silver, that would not exonerate Petitioner from the charges regarding the weapon. There was clearly at least "some evidence" that Petitioner committed

the offense, as the weapon was found in his secure locker.  As such, Petitioner was afforded his due process rights, as he was given written notice of the charges against him, an opportunity to respond to those charges, and a hearing.  As a result, the Court terminated this case.

In response to a motion for reconsideration, on August 3, 2006, this Court reopened Petitioner's case.  Petitioner's motion for discovery was filed that same day to which Respondent replied on August 17, 2006.

## II.  DISCUSSION

### A.  Standard for a Motion for Discovery

A habeas petitioner, "unlike the usual civil litigant in federal court is not entitled to discovery as a matter of course."  Bracy v. Gramley, 520 U.S. 899, 904 (1997).  Indeed, according to Rule 6 of the Rules Governing Section 2254 Cases in the U.S. District Courts "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."[1]  Rule 6 of the Rules Governing Section 2254 Proceedings, 28 U.S.C. § 2254.  As such, a District Court has discretion to grant

---

[1] This rule is applicable to the present case, brought under 28 U.S.C. § 2241 under Rule 1(b), which, in defining the scope of the Rules, states that "[t]he district court may apply any or all of these rules to a habeas corpus petition not [involving a petition under 28 U.S.C. § 2254.]" Rule 1(b) of the Rules Governing Section 2254 Proceedings, 28 U.S.C. § 2254.

discovery in habeas corpus proceeding for "good cause" shown. Doty v. Fed. Bureau of Prisons, No. 06-3249, 2006 U.S. Dist. LEXIS 68312, *6 (D.N.J. Sep. 1, 2006).  A habeas petitioner demonstrates "good cause" when he or she establishes a prima facie claim for relief, and when his or her claims are specific, not merely speculative or conclusory.  Id. (citing Murphy v. Johnson, 205 F.3d 809 (5th Cir. 2000)).  A petitioner shows "good cause" by presenting "specific allegations" which give the Court "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.  Bracy, 520 U.S. at 908-09; Hirschfeld v. Comm'r of the Div. of Parole, 215 F.R.D. 464, (S.D.N.Y. 2003).  A petitioner accomplishes this by "point[ing] to specific evidence that might be discovered that would support a constitutional claim."  Marshall v. Hendricks, 103 F.Supp. 2d 749, 760 (D.N.J. 2000).  The Court may, however, in its discretion, deny discovery where the petitioner provides no specific evidence that the requested discovery would support his petition.  See Gonzales v. Bennett, No. 00-8401, 2001 U.S. Dist. LEXIS 19798, *12 (S.D.N.Y. Nov. 30, 2001)

**B.   Analysis**

Petitioner has two grounds for his motion for discovery. First, Petitioner claims that numerous answers contained in Respondent's Answer are not "full or complete."  Petitioner takes

5

issue with Respondent's response to certain allegations that "Respondent is without sufficient knowledge or information upon which to form a reasonable belief as to the truth of the allegation . . . ."  Second Petitioner argues that Respondent has failed to provide certain documents relevant to the questions raised in the petition ranging from the name of officers present in Petitioner's cell during the "area search" to a complete record of complaints lodged against Petitioner's DHO.  According to Petitioner, the omitted evidence is "probative to establish a crucial link to Petitioner['s] claim of retaliation by Officer Silver."  Also, according to Petitioner, the omitted evidence "shows DHO Morton's partiality and deception, because such evidence [was] in his possession at the time of the hearing, that he knew or should have known that what Petitioner contends was retaliation . . . ."

    The Court declines to grant discovery because Petitioner has failed to show good cause.  In short, Petitioner has provided the Court with no reason to believe that the discovery he seeks will enable him to demonstrate that he is entitled to relief.  First, Petitioner's assertion that Respondent's Answers are less than full and complete and that Respondent has withheld certain evidence is speculative.  In its Answer, Respondent has provided a paragraph by paragraph response to the Petition.  Respondent has also provided two declarations with attached documents

6

(including the disciplinary hearing report, a detailed statement of the facts of Petitioner's case and Respondent's arguments where Respondent outlined its position).  Without more than Petitioner's conjecture and conclusory allegations about the incompleteness of Respondent's answers (aside from simply stating that "Respondent is privy to such information[s]"), this Court cannot conclude that Petitioner has demonstrated good cause for allowing discovery.

Second, Petitioner has failed to show how any of the eight categories of documents and records Petitioner seeks in discovery could provide information to establish either (1) Petitioner's alleged "crucial link" between Petitioner's filing of a grievance against Officer Sliver and Sliver's planting of a weapon in Petitioner's secure locker or (2) "DHO Morton's partiality and deception."  To the contrary, Petitioner provides only the conclusory statement that the facts he seeks in discovery will support these claims.  Here, Petitioner has failed to establish a connection between the materials Petitioner seeks in discovery and the claims made in his petition that he asserts such discovery supports.  Taking each request in turn proves this point.[2]

---

[2] Before discussing each of Petitioner's discovery requests, it is worth clarifying this Court's role in reviewing Petitioner's disciplinary hearing.  In a § 2241 petition challenging a prison disciplinary proceeding, the scope of this Court's review is limited to determining whether Petitioner's due

In his first and second request, Petitioner seeks the names of the officers present in the cell on the date the "area search" was conducted and statements from these officers. Petitioner's knowledge of the identities of these officers or their statements will not change the fact that a weapon was found in his locker or prove a link between his grievance against Officer Sliver and the presence of the weapon. In his third request, Petitioner seeks his prison behavior records before the area search. Again, Petitioner has failed to demonstrate that this information is relevant to Petitioner's claims. Indeed, records related to

---

process rights were observed. See Wolff v. McDonnell, 418 U.S. 539 (1974). The Court's role is even more limited when addressing a Petitioner's motion for discovery in a § 2241 petition. A petitioner, then, cannot re-litigate the disciplinary hearing before this Court and cannot seek a trial de novo by filing a petition under § 2241. Inmates facing disciplinary proceedings for charges of misconduct resulting in a loss of a protected liberty interest are required to have due process in those proceedings and the Supreme Court has identified five elements that must be satisfied to comply with due process. Id. The most relevant of the five elements to this case is whether Petitioner had the opportunity to present the testimony of witnesses. According to the Procedures before the Discipline Hearing Officer, 28 C.F.R. § 541.17(c), the right to present witnesses at a DHO hearing is not absolute and the DHO "shall call those witnesses who have information directly relevant to the charge(s) . . . [but] need not call repetitive witnesses." Here, Petitioner seeks to learn the names of the officers present in the cell on the date of the "area search." However, it is clear from the DHO report that Petitioner already knows the names of the three officers present (Mrs. C. Morton, Lt. S. Christopher, and Counselor Little). Thus, Petitioner does not need discovery on this issue. Moreover, the issue of whether Petitioner's due process rights were violated by the DHO's refusal to allow Petitioner to call these individuals as witnesses, is not before this Court upon Petitioner's motion for discovery.

Petitioner's prior behavior appear unrelated to the issue of whether a weapon was found in Petitioner's locker and whether he was properly disciplined for such an infraction.

Fourth, Petitioner requests a list of times Petitioner's locker was searched and whether any weapons were found. Petitioner again fails to provide the Court with a reason to believe that, if Petitioner is provided with this information, he will be able to demonstrate that he is entitled to relief. Information regarding whether contraband was found in his locker on previous occasions is not relevant to the issue of whether a weapon was found in Petitioner's locker and whether he was properly disciplined for such an infraction.

Petitioner's fifth, sixth and seventh requests relate to records of prior complaints filed against the three officers in Petitioner's cell during the "area search" and against DHO Morton and complaints related to money missing from inmates' commissary accounts.  Again, this information does not appear relevant –- whether or not any of the officers or DHO Morton had prior complaints filed against them or whether other inmates complained of missing money in the commissary accounts does not change the fact that a weapon was found in Petitioner's locker.  Finally, Petitioner requests information regarding how his signature appeared on a "disputed transaction on November 19, 2004." Again, this information does not appear to be relevant to

Petitioner's claims and Petitioner has provided no evidence or argument that obtaining such information will support his claims.

Thus, Petitioner has failed to make specific allegations to show that he might be entitled to relief if the facts are developed more fully through his requested discovery.  As such, he has failed to demonstrate good cause for this Court to grant his motion for discover.

### III. CONCLUSION

For the reasons discussed above, Petitioner's motion for discovery will be denied.  The accompanying Order is entered.


**March 29, 2007**             **s/ Jerome B. Simandle**
Date                           JEROME B. SIMANDLE
                               United States District Judge